### In re HODGSON.

### No. 58649.

District Court, S. D. New York.

May 18, 1935.

Mackey, Herrlich & Breen, of New York City, for petitioner Mildred F. Fortunato.

Joseph A. Nickerson, of Scarsdale, N. Y., for debtor Casper W. Hodgson.

HULBERT, District Judge.

On November 29, 1933, Caspar W. Hodgson filed a petition pursuant to section 74 of the Bankruptcy Act, as amended (11 U.S.C. § 202 [11 U.S.C.A. § 202]), which was approved by order of this court dated November 30, 1934. The proceeding was referred to Hon. F. W. Stelle, referee in bankruptcy, and no further proceedings have been had except as hereinafter stated. At the time of filing said petition, an action was pending in the Supreme Court of the state of New York, county of Westchester, brought by Mildred F. Fortunato against Hodgson for the recovery of damages for breach of a contract whereby, it is alleged, the defendant agreed to pay the plaintiff $30 per week for life in consideration of her promise not to visit the premises of the World Book Company, of which the debtor was formerly the president, or the debtor's home.

The debtor contends that he did not list the plaintiff in said action as a creditor in his petition in this proceeding for the reason that he did not consider the claim a bona fide one.

Nevertheless, he applied to this court on February 25, 1935, and obtained an ex parte order restraining the plaintiff and her attorneys in said action from taking any further proceedings "until after the confirmation of the composition or extension agreement or until after the dismissal of the petition and if the debtor is adjudged a bankrupt, until 12 months after the date of such adjudication or if within that time if the debtor applies for a discharge, then until the question of such discharge is determined."

This motion is to vacate said order of February 25, 1935.

The purpose of the act (section 74) is to enable an individual who is insolvent or unable to meet his debts to effect a com—

position or an extension of time to pay his debts.

The petition of the debtor must be accompanied, unless further time is granted, by his schedules.

The term "debt" includes "all claims of whatever character against the debtor or his property."

After the filing of such petition, the court may upon reasonable notice to creditors and attorneys of record, appoint a custodian or receiver, who shall inventory the debtor's estate. The custodian or receiver, or if none has been appointed, the court, shall promptly call the first meeting of creditors, stating in the notice that the debtor proposes to offer terms of composition or extension.

The debtor took a great deal upon himself when he "determined" that the Fortunato claimant was not a creditor. That is for the court to decide at the proper time.

The act does not contemplate that a debtor will, after filing his petition, take no steps to bring the hearing on and meanwhile prevent his creditors from enforcing their rights by invoking the restraining power of this court.

Nearly eighteen months have gone by since the petition was filed, and it is quite evident the debtor has been content to let matters drift. Consequently, the motion will be granted.